IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DIANA JUAN,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA SAN FRANCISCO; STEPHEN HAUSER; JOHN ENGSTROM; SAM HAWGOOD; EILEEN KAHANER; DAVID MORGAN; JANE CZECH; SCOTT DE,<br><br>Defendants. | Case No. 16-cv-04934-CW<br><br>ORDER DISMISSING CLAIMS AGAINST UNIVERSITY OF CALIFORNIA SAN FRANCISCO |

The Court has reviewed the parties' supplemental briefing regarding whether the claims of Plaintiff-Relator Diana Juan against Defendant University of California San Francisco (UCSF) should be dismissed. After considering the record, the parties' briefing and argument at the hearing, the Court hereby dismisses all claims against UCSF with prejudice.

BACKGROUND

Plaintiff-Relator alleges that UCSF, the Regents of the University of California (Regents) and the Individual Defendants violated the False Claims Act (FCA) in submitting Medicare claims for services at UCSF Medical Center. She filed this action on August 26, 2016 and filed the First Amended Complaint (1AC) on September 20, 2016. Both complaints were initially filed under

seal.  On June 26, 2017, the United States having declined to intervene in this action, the Court unsealed the complaint and 1AC and ordered Plaintiff-Relator to serve Defendants.  She subsequently filed a voluntary dismissal without prejudice, to which the United States consented, of the Regents.  At Plaintiff-Relator's request, the Court issued a summons to the Individual Defendants, who waived service and moved to dismiss.

On October 5, 2017, the Court issued an order to show cause regarding Plaintiff-Relator's failure to serve UCSF within the ninety days provided under Federal Rule of Civil Procedure 4(m). Plaintiff-Relator requested additional time for service.  On October 12, 2017, the Court granted an extension to October 23, 2017 to serve UCSF.  Plaintiff-Relator failed to meet this deadline, but on October 30, 2017, requested that the Court issue a summons to UCSF.  The Court heard argument on whether a summons should issue or whether all claims against UCSF should be dismissed, either based on the failure to serve timely or because UCSF does not exist, as a separate entity from the Regents, with capacity to be sued.

## DISCUSSION

Defendants contend that all claims against UCSF should be dismissed because it does not exist, or have the capacity to be sued, as a separate legal entity from the Regents.  All "University of California campuses and medical centers are subsumed entities of The Regents and not independent legal entities."  Luskey Dec. ¶ 5, Ex. B (Policy on Service of Process on the Regents); see also Cal. Const. Art. IX, § 9(f) (Regents "shall be vested with the legal title and the management and

2

disposition of the property of the university and of property held for its benefit" and shall "have all the powers necessary or convenient for the effective administration of its trust, including the power to sue and to be sued"); Cal. Civ. Proc. Code § 416.50 (providing for service of summons on public entities, including Regents).

At the hearing, the Court granted Plaintiff-Relator the opportunity to file a supplemental brief on this issue. Plaintiff-Relator provided no persuasive authority, but argued that the authority provided by Defendants is not controlling. She focused largely on the separate question of whether UCSF or the Regents would be immune from suit under the Eleventh Amendment.

Under Article IX of the California Constitution and in the absence of any contrary authority, this Court concludes that neither UCSF or its Medical Center is an independent legal entity capable of being sued. See Mihan v. Regents of the Univ. of California, No. 16-cv-01390-KJM, 2016 WL 6875911, at *3 (E.D. Cal. Nov. 21, 2016) ("the real party in interest in all suits against components of the U.C. system is the Regents"). Accordingly, the Court dismisses all claims against UCSF with prejudice.[1] A summons will not issue.

Plaintiff-Relator previously dismissed her claims against the Regents. The Court notes, however, that it would not in any

---

[1] Plaintiff-Relator failed timely to serve UCSF within the ninety days provided by Federal Rule of Civil Procedure Rule 4(m) or within the additional time granted by this Court on October 12, 2017. She belatedly submitted a proposed summons on October 30, 2017, but did not show good cause for any further extension of time. This further supports dismissal without prejudice.

3

case need to reach the question of Eleventh Amendment immunity because a state agency such as the Regents is not a "person" who may be sued by a private individual in a qui tam civil action under the FCA. Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 787-88 (2000) (state agency not a "person" for purposes of FCA); Donald v. Univ. of California Bd. of Regents, 329 F.3d 1040, 1044 (9th Cir. 2003) (applying Stevens to FCA Medicare fraud claims against Regents).

## CONCLUSION

Accordingly, the Court DISMISSES WITH PREJUDICE all claims against Defendant UCSF pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated: July 3, 2018

CLAUDIA WILKEN
United States District Judge