1  IN THE UNITED STATES DISTRICT COURT
2  FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ex rel. DIANA JUAN,

Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,

Defendants.

Case No. 16-cv-04934-CW

ORDER OF DISMISSAL

(Dkt. No. 78)

Defendants Stephen Hauser, Sam Hawgood and Eileen Kahaner have moved to dismiss the Second Amended Complaint (2AC). Plaintiff-Relator Diana Juan opposed the motion and Defendants filed a reply. For the reasons set forth below, the Court GRANTS Defendants' motion and DISMISSES WITH PREJUDICE all claims against Defendants.

BACKGROUND

Plaintiff-Relator alleges that Defendants violated the False Claims Act (FCA) in submitting Medicare and Medicaid claims for services at the University of California, San Francisco. The Court construed the 2AC as a motion for leave to amend and granted it insofar as Plaintiff-Relator asserts claims against Hauser, Hawgood and Kahaner. The Court further construed the 2AC as a request to dismiss voluntarily the claims against those Defendants named in the First Amended Complaint but not the 2AC and granted the request. Hauser, Hawgood and Kahaner are the only remaining Defendants.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Twombly, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The Court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. Id. at 1061. However, the Court need not accept legal conclusions, including threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Rule 9(b) provides that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The

2

allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). The allegations must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). "While the factual circumstances of the fraud itself must be alleged with particularity, the state of mind—or scienter—of the defendants may be alleged generally." Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007).

When granting a motion to dismiss, the Court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the Court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). The Court's discretion to deny leave to amend is "particularly broad" where the Court has previously granted leave. Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002).

## DISCUSSION

Defendants move to dismiss all claims against them because

3

Plaintiff-Relator has not alleged particular acts taken by these Defendants that could support a claim.[1] A claim brought pursuant to the FCA's qui tam provisions requires allegations that "(1) defendants made a claim against the United States (2) that was false or fraudulent (3) with knowledge of the falsity or fraud." United States ex rel. Alfatooni v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002).

In the 2AC, Plaintiff-Relator identifies each Defendant by name and job title, and alleges that each "is responsible for the acts and omissions set forth below constituting the submission of False Claims." 2AC ¶¶ 10-12. Defendants' names are mentioned once more, where the complaint alleges that each Defendant:

> knowingly permitted the continued presentation or caused to be presented false claims for payment from the United States government; knowingly made, or caused to be made, false records or statements in order to receive payment from the Government and act together to conspire with the other named Defendants to have the government pay a false or fraudulent claim . . . [and] had direct knowledge of the failure to audit the outside coding, the failure to repay overbillings caused by the systematic failures identified by [Plaintiff-Relator] in the Neurology Department, which were present throughout all parts of the School of Medicine and Medical Center because of systemic failure, and failed to cause USCF to repay the overbilled items.

Id. ¶¶ 143-148. These allegations are "too vague or conclusory to satisfy even Rule 8's liberal pleading requirements," much less the more rigorous standard of Rule 9(b). United States ex rel. McMasters v. Northrop Grumman Ship Sys., Inc., No. 06-cv-

---

[1] Defendants' further arguments, such as that the 2AC establishes bad faith that warrants a sanction of dismissal, need not be reached to dismiss the claims against Defendants. Accordingly, the Court addresses Defendants' particularity argument only.

4

03881-RMW, 2006 WL 2884415, at *3 (N.D. Cal. Oct. 10, 2006) (dismissing FCA claim in which plaintiff alleged that defendant "made false claims for payment" and "bills for goods that it builds for Navy submarines" (citation and internal quotation marks omitted)).

The Court must dismiss FCA claims under Rule 9(b) where a relator "fails to allege with any specificity" a particular defendant's involvement in the alleged scheme. United States ex rel. Serrano v. Oaks Diagnostics, Inc., 568 F. Supp. 2d 1136, 1143 (C.D. Cal. 2008) (dismissing despite allegation that individual defendant had ownership interest). That rule "does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." United States ex rel. Lee v. Corinthian Colls., 655 F.3d 984, 997-98 (9th Cir. 2011) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotation marks omitted)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." Swartz, 476 F.3d at 764 (citation, internal quotation marks & alterations omitted); see also Corinthian Colls., 655 F.3d at 998 ("The Complaint provides no additional detail as to the nature of the Individual Defendants' involvement in the fraudulent acts, but simply attributes wholesale all of the allegations against Corinthian to the Individual Defendants. Rule 9(b) undoubtedly requires more."); United States v. Safran

5

Grp., No. 15-CV-00746-LHK, 2017 WL 235197, at *7 (N.D. Cal. Jan. 19, 2017) ("Even if an FCA claim is adequately alleged, a complaint must provide an adequate factual basis connecting that FCA claim to the particular defendant."); United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc., No. 13-cv-01348-FMO, 2015 WL 12752552, at *9 (C.D. Cal. Sept. 29, 2015) (rejecting "group-pleading" of FCA claim).

Notably, the Court granted Plaintiff-Relator leave to amend once before and addressed the present deficiencies at a November 7, 2017, case management conference that preceded Plaintiff's filing of the 2AC. Docket No. 48 at 11 ("These are individuals being sued individually in their personal capacities . . . so they need to have done something wrong individually and not just as part of a group . . . ."). Nonetheless, Plaintiff-Relator failed to comply with the necessary pleading requirements. The Court concludes that further leave to amend would be futile.[2]

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' motion to dismiss and DISMISSES WITH PREJUDICE all claims against Defendants. This Order terminates Plaintiff-Relator's action.

//

---

[2] The Court's July 25, 2018, Order denied leave to amend and struck the 2AC insofar as it added claims against new Defendants. This denial was "without prejudice to Juan further amending her complaint under Rule 15(a)." Docket No. 77. Approximately four months have passed since the Court's ruling and Plaintiff-Relator has not filed a motion for leave to file another amended complaint or otherwise indicated any intention to do so.

6

The Court DIRECTS the Clerk of the Court to enter judgment and close this case. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: November 26, 2018

CLAUDIA WILKEN
United States District Judge