**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES ex rel. DIANA JUAN, Relator, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STEPHEN HAUSER; et al., <br><br> Defendants-Appellees, <br><br> UNITED STATES OF AMERICA, <br><br> Real-party-in-interest-Appellee, <br><br> and <br><br> BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al., <br><br> Defendants. | No.   18-17462 <br><br> D.C. No. 4:16-cv-04934-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted February 3, 2020
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  PAEZ and BEA, Circuit Judges, and JACK,[**] District Judge.

Plaintiff-Relator Diana Juan appeals the district court's dismissal of her complaint under Rule 9(b) of the Federal Rules of Civil Procedure and the district court's denial of her motion to amend her complaint.  We affirm.

**1.** Reviewing de novo, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1114 (9th Cir. 2014), we conclude the district court correctly dismissed Juan's Second Amended Complaint (SAC), the operative complaint, because it failed to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); *see United States v. Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (explaining that a complaint must allege the "who, what, when, where, and how of the misconduct charged").  The principal deficiency here—and the basis upon which we affirm—is that Juan failed to allege how each defendant played a role in the alleged fraud.  The district court correctly ruled that the SAC merely "lump[s]" together the defendants and fails to "inform each defendant separately of the allegations surrounding his alleged participation in the fraud."

**2.** The district court did not abuse its discretion in denying Juan's motion for leave to amend her complaint.  *See Gonzalez*, 759 F.3d at 1114.  "Where the plaintiff previously has been granted leave to amend and has subsequently failed to

---

[**]     The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

add the requisite particularity in its claims, the district court's discretion to deny leave to amend is particularly broad." *Loos v. Immersion Corp.*, 762 F.3d 880, 890–91 (9th Cir. 2014).  The district court provided Juan with thorough instructions on how Juan could amend her complaint to meet Rule 9's strictures. Juan's SAC, however, was nearly identical to the First Amended Complaint and added nothing more than conclusory or generic allegations of fraud.

**3.** Lastly, the district court did not abuse its discretion in precluding Juan from further amending her claims to add the defendants it struck from the SAC. Juan had ample time to seek leave to add those defendants, but never filed a motion nor indicated any intention to do so.  Juan also fails to explain on appeal what new facts she would have alleged.  We therefore see no basis to reverse.

**AFFIRMED.**